IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN SADLER and L.S. SADLER INC., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 9-411 |
| BALBOA CAPITAL CORP. | ) |
| Defendant. | ) |

AMBROSE, Senior U.S. Dist. Judge

### **Memorandum Opinion**

On June 3, 2013, Plaintiffs filed a Motion to Mold Verdict to Include Pre-Judgment Interest and Reflect Set-Off. ECF No. [100]. In its response, filed at ECF No. [104], Defendant also asked the court to mold the jury's verdict and thus, I will treat the requests made within Defendant's response as timely filed post-trial motions.[1] Plaintiff filed a reply at ECF No. [113]. The issues are now ripe for review. For the reasons set forth below, the motions are granted in part and denied in part.

Plaintiffs' Motion

Plaintiffs make two requests in their post-trial motion: 1) for prejudgment interest at the rate of six percent, from May 29, 2008 until May 28, 2013, on the $221,670.00 awarded by the jury to Plaintiff L.S. Sadler for breach of contract, and 2) to further mold the verdict to off-set the amount awarded to Defendant ($74,500.00).

---

[1] Defendant's response was filed within 28 days after the entry of the judgment, as required by Fed. R. Civ. P. 59(e).

1

First, in this diversity action, I must consider Plaintiffs' request for prejudgment interest according to the applicable state law; here, it is Pennsylvania law. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *see Travelers Cas. and Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 171 (3d Cir. 2010). Pennsylvania has adopted the Restatement (Second) of Contracts § 354—Interest as Damages (1981), which provides:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
> (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Where 'damages are known or . . . ascertainable through mathematical calculations,' prejudgment interest is limited to the statutory rate of 6% per annum." *ECEM European Chem. Mktg. B. V. v. Purolite Co.*, 451 F. App'x 73, 79 (3d Cir. 2011) (citing *Spang & Co. v. USX Corp.*, 410 Pa. Super. 254, 599 A.2d 978, 984 (1991) and 41 PA. CONS. STAT. § 202). In such an instance, the award of prejudgment interest is "a matter of right . . . ." *Fernandez v. Levin*, 519 Pa. 375 (1988). However, a district court may use its discretion to deny prejudgment interest "when its exaction would be inequitable" based on "considerations of fairness." *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 981-82 (3d Cir. 1984) (discussing prejudgment interest under Pennsylvania law). Because the jury valued Defendant's breach at $221,670.00, I will award Plaintiff prejudgment interest in the amount of six percent per annum from May 29, 2008 (breach of the Quotation) through April 9, 2010 and from January 18, 2012 through May 28, 2013 (judgment). I find that Plaintiff is not entitled to prejudgment interest during the period of the bankruptcy stay (April 9, 2010-January 18, 2012). *See Days Inns Worldwide v. Mandir, Inc.*, 393 F. Supp. 2d 1240, 1252 (W.D. Okla. 2005); *Bursch v. Beardsley & Piper, a Div. of*

*Pettibone Corp.*, 762 F. Supp. 1347, 1348 (D. Minn. 1991), *aff'd*, 971 F.2d 108 (8th Cir. 1992). Accordingly, I award Plaintiff $42,816.20 in prejudgment interest.[2]

I deny Plaintiffs' motion to further mold the verdict to off-set the amount awarded to Defendant. First, the Judgment I entered on May 28, 2013 already accounts for any potential double recovery by Balboa Capital Corporation. Although the jury awarded damages for breach of the MLA by L.S. Sadler as well as for Sean Sadler's breach of his personal guarantee of the MLA, as the parties agreed at trial, I did not combine the damages and molded the verdict accordingly. Further, I deny Plaintiffs' request to off-set its award by subtracting the damages awarded to Defendant from Plaintiffs' award, such that the judgment would reflect no damages in favor of Defendant. Because the jury awarded damages to both Plaintiffs and Defendant for separate and distinct contractual breaches, I find that the judgment must state the amount of damages awarded to each party in order to accurately represent the findings of the jury.

Defendant's Motion

In its response to Plaintiffs' post-trial motion, Balboa Capital Corp. asks the Court to mold the verdict: 1) to reflect that the jury's verdict is in favor of L.S. Sadler solely, instead of both Plaintiffs, 2) to reflect stipulated damages in the amount of $340,838.90; 3) to award Defendant prejudgment interest at ten percent per annum, based on California law, from February 2, 2009 until May 24, 2013; 4) to include Balboa Capital Corp.'s attorney's fees; and 5) to off-set Plaintiff's award by present debts owed to Plaintiff in U.S. Bankruptcy Court.

---

[2] The annual prejudgment interest of $221,670.00 at six percent is $13,300.20; therefore, the per diem prejudgment interest is $36.44, rounded up to the nearest hundredth ($13,330.20 / 365 = $36.44). From May 29, 2008 (breach) through April 9, 2010 (stay granted), 1 year and 315 days expired ($13,300.20 + (315 x $36.44) = $24,778.80). From January 18, 2012 (stay lifted) through May 28, 2013 (judgment), 1 year and 130 days expired ($13,300.20 + (130 x $36.44) = $18,037.40). Therefore, Plaintiff is entitled to $42,816.20 in prejudgment interest ($24,778.80 + $18,037.40 = $42,816.20).

3

First, I agree that the breach of contract claim was asserted by L.S. Sadler, Inc. solely, and the verdict shall be amended accordingly.

Second, I will not mold the verdict to reflect an amount of $340,838.90 in Balboa Capital Corporation's favor. Defendant submits that the $340,838.90 amount that Defendant read into the record at trial and which is contained in Defendant's trial Exhibit T is undisputed evidence of Plaintiffs' amount of liability. Pl.'s Response, ECF No. 104, 3. Exhibit T is a Stipulation and Consent Order of Court entered in U.S. Bankruptcy Court. Paragraph 10 of Exhibit T states:

> 10. Debtor and Balboa Capital Corporation hereby acknowledge that this stipulation will have no effect on the litigation pending in the United States District Court for the Western District of Pennsylvania at Case No. 2:09-cv-00411. The Parties further agree that the entry of this stipulation is not an admission by either party.

By its plain language, the stipulation is not evidence of undisputed damages in this case. Moreover, when read at trial, Defendant clarified that the stipulation was entered for the purpose of informing the jury that Defendant's recovery against Plaintiffs was *limited* by what the parties had agreed to in bankruptcy court. Accordingly, there is no basis to mold the verdict to reflect Defendant's requested award.

Thirdly, as I did for Plaintiff's award, I hereby mold the verdict to reflect prejudgment interest, calculated according to Pennsylvania law,[3] at six percent annum, on the $74,500.00 amount the jury awarded Defendant. Although Plaintiffs allege that Defendant "cannot pursue

---

[3] Throughout this case, the parties have relied upon the substantive law of Pennsylvania for their claims and defenses. On the eve of trial and after the deadline for the submission of proposed jury instructions, the parties attempted to inject California law into the dispute, which I deemed untimely. *See* ECF Nos. 83 & 84. That was the first time the parties requested that I apply the substantive law of California to the remaining claims, and they offered no support for the request. Post-trial, Defendant now asks me to award prejudgment interest according to California law (because the rate of prejudgment interest is higher) and cites paragraph 30 of the MLA in support (miscellaneous provision stating that proceedings related to the MLA shall be subject to the jurisdiction of California). This does not change, however, that Defendant waived any choice of law issues long ago and, as such, I must continue to apply the substantive law of Pennsylvania to this cause of action.

any further additional costs or fees without submission of this matter to Bankruptcy Court with Bankruptcy Court approval," they cite no authority, and accordingly, I find no merit to the assertion. *See* Pl.'s Reply, ECF No. 113, 2. Therefore, I award Defendant $11,341.00 in prejudgment interest.[4]

Fourth, I find that Defendant is entitled to attorney's fees pursuant to paragraph 27 of the Master Lease Agreement ("MLA") for which the jury found Plaintiffs in breach. Again, I find Plaintiffs' unsupported assertion that the awarding of attorney's fees is subject to approval by the bankruptcy court to be without merit. *See* Pl.'s Reply, ECF No. 113, 2. Moreover, Plaintiffs are incorrect that Defendant's claim for attorney's fees was included in the amount submitted to the jury. *See id.* At trial, by agreement of the parties, I instructed the jury not to consider attorney's fees in their calculation of damages. Accordingly, Defendant properly moved for attorney's fees under Federal Rule of Civil Procedure 54(d)(2)(A). ECF No. 101, para. 3 & 4 and ECF No. 104, para. 29-31; *see Telecom S. Am., Inc. v. Presto Telecomm., Inc.*, Civ. A. No. 01-cv-0680, 2003 WL 22462236, at *2-3 (E.D. Pa. Oct. 28, 2003). Here, the MLA contains a contractual fee-shifting clause. Def.'s Ex. A, p. 4, para. 27. By its plain language, the MLA grants Defendant reasonable attorney's fees:

> In the event of any legal action with respect to this Lease, the Lessor in any such action shall be entitled to reasonable attorney fees, including attorney fees imposed at the trial level, including action in any bankruptcy court, on appeal or review or incurred without action, suit, or proceedings, together with all costs and expenses incurred in pursuit thereof.

---

[4] At six percent, the annual interest of $74,500 is $4,470. Therefore, the per diem interest is $12.25, rounded up to the nearest hundredth ($4,470 / 365 = $12.25). From February 2, 2009 (breach) through April 9, 2010 (stay granted), 1 year and 66 days expired ($4,470 + (66 x $12.25) = $5,278.50. From January 18, 2012 (stay lifted) through May 28, 2013 (judgment), 1 year and 130 days expired ($4,470 + (130 x $12.25) = $6,062.50). Therefore, Plaintiff is entitled to $11,341.00 in prejudgment interest ($5,278.50 + $6,062.50 = $11,341.00).

*Id.; see Profit Wize Marketing v. Wiest*, 812 A.2d 1270, 1274-75 (Pa. Super. 2002) (interpreting the words of a contractual fee-shifting provision in accord with their plain meaning). Still, I must review the fees claimed by Defendant for reasonableness. *McMullen v. Kutz*, 603 Pa. 602, 614-15 (2009); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, No. 08-cv-415, 2010 WL 4672357 (W.D. Pa. Nov. 9, 2010). Accordingly, Defendant must file appropriate documentation of attorney's fees by September 30, 2013. The documentation should be accompanied by a brief explaining why the hours claimed and the hourly rate proposed are reasonable. Plaintiffs have until October 14, 2013 to respond.

Fifth, I will not further mold the verdict to reflect any current debts Defendant believes Plaintiff owes it pursuant to a stipulation entered at bankruptcy court. Because the stipulation was entered before a different court and explicitly states that it "will have no effect on the litigation pending in the United States District Court for the Western District of Pennsylvania at Case No. 2:09-cv-00411," I will not entertain any request made pursuant to the stipulation found at Defendant's Exhibit T. *See* ECF No. 104-1.

So it is Ordered.

BY THE COURT:

*[signature]*
Donetta W. Ambrose
Senior U.S. District Court Judge

Date: Sept. 16, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN SADLER and L.S. SADLER INC., | ) |
| Plaintiffs, | ) ) ) ) |
| v. | )  Civil Action No. 9-411 |
| BALBOA CAPITAL CORP. | ) ) ) |
| Defendant. | ) ) ) ) |

AMBROSE, Senior U.S. Dist. Judge

**<u>Order</u>**

AND NOW, this _16th_ day of _Sept._, 2013, upon consideration of the parties' post-trial motions, it is Ordered that Plaintiffs' motion is granted in part and denied in part.

It is Further Ordered that:

1. Plaintiff L.S. Sadler is awarded $42,816.20 in prejudgment interest.

2. The Final Judgment entered on May 28, 2013 shall be amended to remove Plaintiff Sean Sadler and reflect a molded verdict in favor of Plaintiff L.S. Sadler, Inc. in the amount of two hundred twenty-one thousand six hundred and seventy dollars ($221,670.00).

3. Defendant Balboa Capital Corporation is awarded $11,341.00 in prejudgment interest.

4. Defendant Balboa Capital Corporation is entitled to attorney's fees. Defendant must file the appropriate documentation, supported by a brief, by September 30, 2013. Plaintiffs have until October 14, 2013 to respond.

BY THE COURT:

_Donetta W. Ambrose_
Donetta W. Ambrose
Senior U.S. District Court Judge

Date: 9/16/13