IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN SADLER and S. SADLER, INC., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 9-411<br>) |
| BALBOA CAPITAL CORP. | )<br>) |
| Defendant. | )<br>)<br>)<br>) |

AMBROSE, Senior U.S. Dist. Judge

## **MEMORANDUM OPINION**

On September 16, 2013, I entered a Memorandum Opinion and Order finding Defendant is entitled to attorney fees for the above-captioned case. ECF No. [116]. Because Defendant's motion lacked the documentation necessary for me to determine a reasonable fee award, I set a briefing schedule to allow Defendant to provide me with the appropriate materials and to give Plaintiffs an opportunity to respond. Defendant filed its brief and accompanying documentation as exhibits at ECF No. [119], and Plaintiffs filed a brief in opposition with supporting exhibits at ECF No. [127]. Defendant also filed a Reply at ECF No. [136]. Having carefully reviewed the submissions provided by both parties, I find that Defendant Balboa Capital Corp. is entitled to reasonable attorney fees in the amount of $69,068.25.

1

**Legal Analysis**

### I. Whether Defendant is Entitled to Attorney Fees

As stated in my September 16, 2013 Opinion and Order, Defendant is entitled to attorney fees pursuant to paragraph 27 of the Master Lease Agreement ("MLA") for which the jury found Plaintiff L.S. Sadler in breach. ECF No. 116, 5. Plaintiffs now argue that Defendant is not entitled to attorney fees because it did not prevail "on a substantial part of the litigation." Pl.'s Br., ECF No. 127, 5. Because Plaintiffs failed to make this argument when objecting to Defendant's post-trial motions, which have already been ruled upon, I deem it to be waived. *Id.* Nevertheless, even if Plaintiffs had raised the issue timely, I disagree.

Attorney fees may be awarded to a party who prevails on the merits of his claim or, in other words, is the "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (citing *Hanrahan v. Hampton*, 446 U.S. 754 (1980) (*per curiam*)). A prevailing party "'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* (citing *Hensley*, 461 U.S. at 433). In other words, the party seeking attorney fees must have obtained an enforceable judgment. *Id.* at 111. As the Supreme Court has explained, "the prevailing party inquiry does not turn on the magnitude of the relief obtained, . . . [and] 'the *degree* of the [party's] success' does not affect 'eligibility for a fee award.'" *Farrar*, 506 U.S. at 114 (citing *Texas State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989) (emphasis in original)).

Accordingly, Defendant is a prevailing party eligible to seek attorney fees from Plaintiffs. Here, Defendant obtained an enforceable judgment against Plaintiff L.S. Sadler, Inc. ECF No. 117. The parties in this case asked the jury to determine the existence and potential breach of several discrete contracts. ECF No. 75 (jointly proposed verdict form); ECF No. 97 (jury

verdict). The jury found, *inter alia*, that Plaintiff L.S. Sadler, Inc. entered into a contract, the MLA, with Defendant Balboa Capital Corp. and that Plaintiff breached the terms of the MLA, causing damages.[1] ECF No. 97, para. 8-10. The jury awarded Defendant $74,500.00 for this breach. *Id.* Pursuant to the contract negotiated by the parties, paragraph 27 of the MLA entitles Defendant to attorney fees "[i]n the event of any legal action with respect to this Lease." Def.'s Ex. A. Thus, the only issue before me now is whether the amount requested by Defendant is reasonable.

## II. Analysis of Plaintiffs' Objections to Defendant's Fee Request

### A. Applicable law

When reviewing a prevailing party's claim for attorney fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Carpenter Tech. Corp. v. Armco, Inc.*, 808 F. Supp. 408, 409 n.2 (E.D. Pa. 1992) (relying on *Hensley* to award attorney fees in a contract case applying Pennsylvania law because "the Supreme Court's reasoning involving a statutory fee award is persuasive and applicable to a similar situation arising from a contract clause"); *Evergreen Cmty. Power LLC v. Riggs Distler & Co., Inc.*, 513 Fed. Appx. 236 (3d Cir. 2013) (finding federal law regarding attorney fees in accord with Pennsylvania law); *McMullen v. Kutz*, 603 Pa. 602, 614-15 (2009). Courts initially assess reasonableness by using the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 24. "[O]nce the lodestar is determined, it is presumed to be the reasonable fee." *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001). Courts look to the prevailing market rates in the relevant community to determine a reasonable hourly rate. *Loughner*, 260 F.3d at 180.

---

[1] The jury also found that Plaintiff Sean Sadler breached a Personal Guaranty for the MLA.

3

The party seeking attorney fees has the burden to prove that its request is reasonable by submitting evidence documenting the hours worked and rates claimed. *Id.*; *Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990). A court may reduce an award where the requesting party's documentation is inadequate. *Hensley*, 461 U.S. at 433. A trial court may also exclude from its calculation hours that it finds were not "reasonably expended." *Id.* at 434. However, "[t]he court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005). Still, a district court has substantial discretion in awarding attorney fees so long as it "employs correct standards and procedures and makes findings of fact not clearly erroneous." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001).

### B. Hours Expended by Defendant's Attorneys

Plaintiffs object to the number of hours claimed by Defendant as (i) inadequately documented, (ii) duplicative, and (iii) non-recoverable. As stated above, the requesting party bears the burden of justifying its fee request. *Interfaith Cmty.*, 426 F.3d at 711. A party seeking attorney fees must adequately document its request, and a district court may reduce its award where the documentation of hours is inadequate. *Hensley*, 461 U.S. at 433. "In determining whether the moving party has met its burden, [the Third Circuit has] stressed that 'it is necessary that the [District] Court 'go line, by line, by line' through the billing records supporting the fee request.'" *Interfaith Cmty.*, 426 F.3d at 713 (citing *Evans v. Port Auth. of New York and New Jersey*, 273 F.3d 346 (3d Cir. 2001)).

*1. Inadequate Documentation - Redactions*

First, Plaintiffs submit that Defendant's fee request was inadequately documented because the time logs submitted to me contain numerous redactions. Pl.'s Br. 3 & 6. I have alleviated this concern by requiring Defendant to submit its time logs to me for *in camera* review. As required, I went line by line and reviewed each redaction, keeping in mind the specific objections raised by Plaintiffs. Accordingly, I exclude 1.5 hours from the lodestar:

| Timekeeper | Date | Hours Requested | Ruling | Hours Excluded | Reason |
|---|---|---|---|---|---|
| RJP | 3/22/11 | 0.4 | Excluded | 0.4 | Not related to this litigation |
| RJP | 1/18/12 | 0.4 | Reduced | 0.2 | Not all of the hours billed relate to this litigation |
| RJP | 4/11/12 | 0.1 | Excluded | 0.1 | Not related to this litigation |
| RJP | 4/20/12 | 0.1 | Excluded | 0.1 | Not related to this litigation |
| RJP | 4/24/12 | 0.1 | Excluded | 0.1 | Not related to this litigation |
| RJP | 5/1/12 | 0.2 | Excluded | 0.2 | Not related to this litigation |
| RJP | 5/1/13 | 0.2 | Excluded | 0.2 | Not related to this litigation |
| JAS | 3/28/13 | 0.7 | Reduced | 0.2 | Reduced to eliminate attorney billing for paraprofessional work |
| BFD | 4/15/10 | 0.1 | Excluded | 0 | Excluded from lodestar elsewhere (Plaintiff also objected to these hours as not related to this litigation in Plaintiff's Exhibit 3) |
| | | | | 1.5 | **Total Hours Excluded** |

*2. Inadequate Documentation – Failure to Provide Fee Agreement*

Plaintiffs further claim Defendant's request is inadequately supported because Defendant did not provide a fee agreement or other documentation of fees actually paid by Defendant for legal services. Pl.'s Br. 8. Plaintiffs cite no authority, and I find no merit to the assertion. "In assessing attorney fees, the focus is not on whether the client actually paid the fees. Rather, the focus is on whether the attorney reasonably incurred the fees through his or her work on the case." *Polselli v. Nationwide Mut. Fire Ins. Co.*, Civ. A. No. 91-1365, 1993 WL 479050, at *2 (E.D. Pa. Nov. 12, 1993).

*3. Duplicative Requests*

Plaintiffs claim that Defendant requests fees for legal services performed by both Defendant's former counsel, Dapper Baldasare Benson Behling & Kane, P.C. ("the Dapper firm"), and Defendant's current counsel, Pietragallo Gordon Alfano Bosick & Raspanti, LLP ("Pietrogallo firm"). Pl.'s Br. 3. Plaintiffs also object to fees requested where more than one individual completed the same work. *Id.* at 4. Plaintiffs ask me to deduct any duplicative hours from Defendant's fee request. *Id.* A district court must reduce a fee award where hours were not reasonably expended. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Id.* Once a requesting party has proven that its request for fees is reasonable, the opposing party "has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Id.* Plaintiffs document their objection to billings for duplicate services merely by underlining questionable entries in Defendant's attorneys' time logs, rather than specifying where each service has been billed in duplicate. *See* Pl.'s Ex. 2, ECF

No. 127-2. Having thoroughly reviewed each entry in Defendant attorney's time logs, I am satisfied that there are no duplicative hours that should be excluded from the lodestar.

*4. Hours Billed by Paraprofessionals*

Plaintiffs object to Defendant's hours expended for services performed by paralegals and law clerks. Pl.'s Br. 4-5. Plaintiffs submit that these fees are non-recoverable because (i) paralegals and law clerks are not enumerated in the MLA contractual provision addressing attorney fees, and (ii) the costs of paraprofessional services are included in firm overhead costs and already factor into the fees charged by Defendant's attorneys. *Id*. Interpretation of the terms of a contract is a question of law. *McMullen*, 603 Pa. at 609. When interpreting a contract, a court is required

> to ascertain and give effect to the intent of the contracting parties as embodied in the agreement. . . . Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed. 'When a writing is clear and unequivocal, its meaning must be determined by its contents alone.'

*Murphy v. Duquesne Univ. of the Holy Ghost*, 565 Pa. 517 (2001) (internal citations omitted). I find that the term "attorney fees" in paragraph 27 of the MLA clearly means that Defendant should be compensated for all the work product of its attorneys, including paralegals and law clerks. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (stating that a reasonable attorney's fee "must refer to a reasonable fee for the work product of an attorney"); *Vitac Corp. v. W.C.A.B. (Rozanc)*, 578 Pa. 574, 581 (2004); *see also In re Anthracite Coal Antitrust Litigation*, 1979 U.S. Dist. LEXIS 14905, 30-31 (M.D. Pa. 1979).

Moreover, where a requesting party's paralegals and law clerks bill their services at an hourly rate and such practice is reasonable and common where the law firms are located, a

reasonable attorney award should include fees for such paraprofessional services. *In re Anthracite Coal Antitrust Litigation*, 1979 U.S. Dist. LEXIS 14905 at 31. Plaintiffs submitted nothing to support the claim that Defendant's paraprofessional fees are included in Defendant's attorney's overhead. Having carefully reviewed Defendant's documentation, I find that Defendant's attorneys' paraprofessional costs are not included in overhead, are billed at an hourly rate, and such manner of billing is reasonable. However, as explained *infra*, I exclude many of the hours billed by Defendant's paralegals and law clerk because I find their services were unrelated to the litigation before me.

### 5. *Billed Services Unrelated to this Litigation*

Plaintiffs request that I exclude Defendant's legal services for the associated bankruptcy proceeding and replevin action. Pl.'s Br. 6-7. Defendant argues that paragraph 27 of the MLA authorizes me to award attorney fees for work done on these associated cases. Def.'s Br. 4. I agree with Plaintiff. I did not preside over the bankruptcy and replevin actions associated with this case. In considering Defendant's fee petition, my focus is solely the litigation concerning a contractual relationship between Plaintiffs and Defendant that resulted in a jury verdict in favor of Defendant with regard to the MLA contract. Defendant may submit its claim for attorney fees related to hours expended on bankruptcy proceedings to the judge presiding over those matters. I will not opine on the validity of Defendant's fee claim with regard to the associated actions. Therefore, I exclude the hours objected to by Plaintiffs that were expended on matters not directly related to this litigation.

Plaintiffs reviewed Defendant's attorneys' time logs and underlined each entry where they believed the work did not directly relate to the case before me. Pl.'s Ex. 3, ECF No. 127-3.

Plaintiffs also ask me to exclude all fees charged while this litigation was stayed pursuant to Plaintiff's Suggestion of Bankruptcy. Pl.'s Br. 7. Having carefully reviewed Plaintiffs' objections, I exclude 82.3 hours from the lodestar:

1. 60.5 hours for services performed by Richard J. Parks, Esq. of the Pietrogallo firm

2. 2.1 hours for services performed by Bryson F. Datt, Esq. of the Dapper firm

3. 1.3 hours for services performed by Robert J. Monahan of the Pietrogallo firm

4. 18.4 hours for Pietrogallo firm paralegal services

*See* Exhibit 1 (my review of Plaintiff's underline objections at Plaintiff's Exhibit 3, ECF No. 127-3); Def.'s Br. 7 and Def.'s Exhibit 1, ECF No. 119-1, 2, n.1 (stating that Robert J. Monahan expended a total 1.3 hours on the case, solely on the bankruptcy proceedings); Def.'s Ex. 1, 41-2 (timekeeper summaries for paralegals; fully unredacted time logs reviewed *in camera*).

### C. Defendant's Attorneys' Hourly Rates

Plaintiffs do not object to the hourly rates of Defendant's counsel. As explained above, an attorney's reasonable rate for fee awards is the market rate prevailing in the community. *Loughner*, 260 F.3d 173, 180 (3d Cir. 2001). After a review of the documentation provided by Defendant, I am satisfied that the rates charged by Defendant are reasonable.

### D. The Lodestar Calculation

Accordingly, the following hours will be permitted at the following rates:

| Timekeeper | Hours Requested | Hours Permitted | Rate/Hour | Total |
|---|---|---|---|---|
| Robert E. Dapper, Esq. | 1.20 | 1.20 | $275.00 | $330.00 |
| Christopher M. Jacobs, Esq. | 75.60 | 75.60 | $225.00 | $17,010.00 |
| Bryson F. Datt, Esq. | 26.70 | 24.60 | $225.00 | $5,535.00 |
| Matthew A. Meyers, Esq. | 5.00 | 5.00 | $225.00 | $1,125.00 |
| **Dapper Firm Total** | | **106.40** | | **$24,000.00** |
| Richard J. Parks, Esq. | 123.35 | 61.55 | $300.00 | $18,465.00 |
| John A. Schwab, Esq. | 259.80 | 259.60 | $185.00 | $48,026.00 |
| Robert J. Monahan, Esq. | 1.30 | 0.00 | N/A | $0.00 |
| Jeanette H. Ho/ Louis C. Long (Appellate Counsel) | 1.90 | 1.90 | $300.00 | $570.00 |
| Kimberly A. Seigel/Karrie Petrusky (paralegals) | 21.20 | 2.80 | $100.00 | $280.00 |
| Brian G. Filler (law clerk) | 7.50 | 7.50 | $100.00 | $750.00 |
| **Pietragallo Firm Total** | | **333.35** | | **$68,091.00** |
| **TOTAL** | | **439.75** | | **$92,091.00** |

### III. Whether Defendant's Fee Request is Excessive in Relation to Trial Verdict

Still, having determined the basic lodestar amount, I may adjust the lodestar upward or downward based on a variety of reasons. *Hensley*, 461 U.S. at 434. "[T]he most critical factor is the degree of success obtained." *Id.* at 436. Plaintiffs argue that Defendant's fee request is unreasonable and must be reduced because Defendant achieved only limited success at trial. Pl.'s Br., ECF No. 127, 2. "'[T]he degree of the [party's] overall success goes to the reasonableness' of a fee award." *Farrar*, 506 U.S. at 114 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Accordingly, a district court may reduce the fee requested if it deems the fee unreasonable given the amount and nature of damages awarded. *Id.* "'Such a comparison promotes the courts' "central" responsibility to "make the assessment of what is a reasonable fee under the circumstances of the case."'" *Id.* Where a party's claims involve a "common core of facts," a district court should "focus on the significance of the overall relief obtained by the

10

[party] in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. As the Supreme Court explains:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

*Id.* at 436-37.

Here, Plaintiffs argue that Defendant's fee request is unreasonable and request the lodestar be reduced because (i) the fees requested are greater than the amount awarded by the jury (Defendant requests $108,853.50 in attorney fees and the jury awarded Defendant $74,500.00 for breach of contract); (ii) the jury awarded Plaintiffs more for their breach of contract claim ($221,670.00); and (iii) the jury found in Plaintiffs' favor on Defendant's unjust enrichment claim and waiver defense. Pl.'s Br. 127, 2-3. Plaintiffs do not state the amount or a percentage by which they believe the lodestar should be reduced.

For all of the foregoing reasons, I agree with Plaintiffs that Defendant did not obtain "complete" success. Accordingly, I believe a 25% reduction in the amount of $23,022.75 is in order. Accordingly, the downwardly adjusted lodestar for attorney fees is $69,068.25.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN SADLER and S. SADLER, INC., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 9-411 |
| BALBOA CAPITAL CORP. | ) |
| Defendant. | ) |

AMBROSE, Senior U.S. Dist. Judge

## ORDER

And now, this 4th day of March, 2014, Defendant's Motion for Attorney Fees and Costs at ECF No. 104 is granted, and Defendant is hereby awarded fees and costs in the total amount of $69,068.25.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose, Sr. U.S. Dist. Judge

# EXHIBIT 1

| Timekeeper | Plaintiffs' Objection to Fees Where Billed Services Not the Subject of this Litigation ECF No. 127-3 | Ruling | | Units Excluded from Lodestar | Reason |
|---|---|---|---|---|---|
| RJP | Page 2 - Every entry | Excluded | | 11.9 | Unrelated to this litigation |
| RJP | Page 3 - Every entry except: 3/10/11 - no charge for travel; 3/22/11 - 0.4 | Excluded | | 10.2 | Unrelated to this litigation |
| RJP | Page 4 - Every entry | Excluded | | 11.5 | Unrelated to this litigation |
| RJP | Page 5 - Every entry except: 12/28/11 - 0.2 | Excluded | | 9.9 | Unrelated to this litigation |
| RJP | Page 6 - Every entry except: 1/18/12 - 0.2 & 0.4; 1/24/12 - 0.2 | Excluded: | 12/29/11 | 0.4 | Unrelated to this litigation |
| | | | 1/11/12 | 0.3 | Unrelated to this litigation |
| | | | 1/24/12 | 0.4 | Unrelated to this litigation |
| | | | 1/25/12 | 0.3 | Unrelated to this litigation |
| | | | 1/30/12 | 0.3 | Unrelated to this litigation |
| | | | 2/8/12 | 0.3 | Unrelated to this litigation |
| | | | 2/13/12 | 0.3 | litigation |
| | | | 2/15/12 | 0.2 | Unrelated to this litigation |
| | | | 2/21/12 | 0.2 | Unrelated to this litigation |
| | | | 2/29/12 | 0.2 | Unrelated to this litigation |
| | | | 3/28/12 | 0.1 | Unrelated to this litigation |
| | | | 3/28/12 | 0.2 | Unrelated to this litigation |
| RJP | Page 7 - Every entry except: 4/6/12 - 0.6; 4/11/12 - 0.1; 4/20/12 - 0.1; 4/24/12 - 0.1; 5/1/12 - 0.2; 5/15/12 - 0.2 | All Objections Excluded except: 10/17/12 - 0.1 of 0.3 billed is allowed as related to this litigation | | 4.0 | Unrelated to this litigation |
| RJP | Page 8 - 10/31/12 - 0/2; 11/1/12 - 1.6; 11/20/12 - 0.8; 11/21/12 - 0.8; 11/29/12 - 2.2; 12/4/12 - 0.1; 12/7/12 - 0.2; 12/7/12 - 0.3; 12/10/12 - 0.4; 12/11/12 - 0.4; 12/12/12 - 0.3; 12/13/12 - 1.3; 2/13/13 - 0.3 | Excluded | | 8.9 | Unrelated to this litigation |
| | Page 9 - 5/17/13 - 0.3; 5/21/13 - 0.5 | Excluded | | 0.8 | Unrelated to this litigation |
| | Page 10 - | 7/12/13 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 7/10/13 - 0.4 | Included | 0 | Related to this litigation |
| | | | | 60.5 | RJP Excluded Hours |
| BFD | Page 78 - | 4/9/10 - 0.1 | Included | 0 | Related to this litigation |
| | | 4/9/10 - 0.1 | Included | 0 | Related to this litigation |
| | | 4/15/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 4/15/10 - 1.00 | Excluded | 1.0 | Unrelated to this litigation |
| BFD | Page 79 - | 4/15/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 4/27/2010 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| BFD | Page 80 - | 5/12/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 5/13/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 5/14/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 5/14/10 - 0.3 | 0.2 of 0.3 hours excluded | 0.2 | Unrelated to this litigation |
| | | 5/20/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| BFD | Page 81 - | 5/20/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | 6/3/10 - 0.1 | Excluded | 0.1 | Unrelated to this litigation |
| | | | | 2.1 | BFD Excluded Hours |